UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RECEIVED
APR 02 2025
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. )
)
ANTONIO HARRIS SR., )
CAMORYN HARRIS, )
CHARLENE MATTHEWS, and )
STEVEN COOPER, )
)
Defendants. )

4:25CR165 SEP/JMB

## INDICTMENT

## COUNT I

The Grand Jury charges that:

Beginning on an unknown date and continuing for a period of time, including February 2024 and continuing up to and including the date of this indictment, with the exact dates unknown, within the Eastern District of Missouri,

**ANTONIO HARRIS SR.,**
**CAMORYN HARRIS,**
**CHARLENE MATTHEWS,**
**and STEVEN COOPER**

the defendants herein, did knowingly and intentionally conspire, combine, confederate and agree together with one or more other persons known and unknown to this Grand Jury, to commit offenses against the United States, to wit: to distribute and possess with the intent to distribute controlled substances, including but not limited to actual methamphetamine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(l) and 846.

The quantity of actual methamphetamine involved in the conspiracy and attributable to each defendant, as a result of his or her own conduct and the conduct of other conspirators reasonably foreseeable to each defendant, is 50 grams or more, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A)(viii).

**COUNT II**

The Grand Jury further charges that:

On or about February 13, 2024, in St. Louis County, State of Missouri, within the Eastern District of Missouri,

**CAMORYN HARRIS,**

the defendant herein, did knowingly and intentionally distribute actual methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

The quantity of actual methamphetamine attributable to the defendant as a result of his own conduct is 5 grams or more, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(B)(viii).

**COUNT III**

The Grand Jury further charges that:

On or about March 14, 2024, in St. Louis City, State of Missouri, within the Eastern District of Missouri,

**CAMORYN HARRIS,**

the defendant herein, did knowingly and intentionally distribute actual methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

The quantity of actual methamphetamine attributable to the defendant as a result of his own

conduct is 5 grams or more, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(B)(viii).

**COUNT IV**

The Grand Jury further charges that:

On or about March 21, 2024, in St. Louis City, State of Missouri, within the Eastern District of Missouri,

**CAMORYN HARRIS,**

the defendant herein, did knowingly and intentionally distribute actual methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

The quantity of actual methamphetamine attributable to the defendant as a result of his own conduct is 5 grams or more, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(B)(viii).

**COUNT V**

The Grand Jury further charges that:

On or about April 9, 2024, in St. Louis City, State of Missouri, within the Eastern District of Missouri,

**CHARLENE MATTHEWS and STEVEN COOPER,**

the defendants herein, did knowingly and intentionally distribute methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

The quantity of actual methamphetamine attributable to the defendants as a result of their own conduct is 50 grams or more, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A)(viii).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 21, United States Code, Sections 853, upon conviction of an offense in violation of Title 21, United States Code, Sections 846 or 841(a)(1), as set forth in Counts I, II, III, IV and V the Defendant shall forfeit to the United States of America any property constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense.

2. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to the offenses charged in Counts I, II, III, IV and V.

3. If any of the property described above, as a result of any act or omission of the Defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

______________________________
FOREPERSON

SAYLER A. FLEMING
United States Attorney

________________________________________
PAUL REBAR, #69289MO
Special Assistant United States Attorney