RECEIVED
APR 02 2025
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA, )
)
Plaintiff, )
v. )
) 4:25CR165 SEP/JMB
ANTONIO HARRIS SR., )
)
Defendant. )

**MOTION FOR PRETRIAL DETENTION AND HEARING**

Comes now the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Paul Rebar, Special Assistant United States Attorney for said District, and moves this Court to order the defendant detained pending trial, and further requests that a detention hearing be held at the time defendant's initial appearance before the United States Magistrate Judge pursuant to Title 18, United States Code, Section 3141, et. seq., and per current guidance from the Court.

As for its grounds for detention, the government requests this Court to consider the following factors pursuant to Title 18, United States Code, Section 3142.

**Presumption of Detention**

1. The defendant is charged with an offense under Title 21, United States Code, Section 846 and 841(a)(1).

2. This offenses with which the defendant is charged triggers a rebuttable presumption of detention pursuant to Title 18, United States Code, Section 3142(e)(3)(A) and (B). There are no conditions or combination of conditions which will reasonably assure the appearance of the defendant as required, and the safety of any other person and the community.

**The Nature and Circumstances of the Offense**

3. Title 18, United States Code, Section 3142(g) requires this Court to consider the nature and characteristics of the offense charged. The defendant is charged with conspiracy to distribute and possession with intent to distribute methamphetamine. The defendant is the head of a drug trafficking organization and used his co-defendants as couriers to delivery quantities of actual methamphetamine to confidential sources working with law enforcement. The defendant is facing a ten-year mandatory minimum sentence and is responsible for the distribution of over three-quarters of a pound of actual methamphetamine to law enforcement sources in under two months. As a result, the first of the § 3142(g) factors weighs in favor of detention.

**The Weight of the Evidence Against the Defendant**

4. Section 3142(g)(2) requires this Court to consider the weight of the evidence against the defendant. The government submits that the evidence against the defendant is strong. Investigators had a precision location warrant on the defendant's phone which investigators used to identify the defendant. Investigators found text messages from his co-defendants cell phones which were seized by investigators. In those text messages the defendant discusses drug sales which corresponded with the time and location of the controlled buys conducted in this case.

**The History and Characteristics of the Defendant**

5. This Court should consider the defendant's past conduct and criminal history. *See* 18 U.S.C. § 3142(g)(2)(A). The defendant has a prior federal felony conviction for being a felon in possession of a firearm and a federal misdemeanor conviction for possession of a controlled substance (4:09-cr-00535-RWS). The defendant was convicted after a jury trial in that matter and sentenced to the maximum of 120 months on the felony and 24 months on the misdemeanor, consecutive. Testimony in that case established that the defendant originally possessed the firearm to protect another individual that was distributing narcotics. At one point the defendant got out of

a vehicle and began firing his gun into a group of people located in a park. The individual whose drug sales the defendant was meant to be protecting testified against the defendant and told the jury that the defendant at one point took a knee to better aim at a man running from the scene. Four victims were shot and injured, including a juvenile.[1]

**Danger to the Community and Flight Risk**

6. The defendant has a history of committing violent crimes. The Government in this case utilized confidential sources in its investigation, and the Government has reason to believe that the defendant poses an ongoing threat to those sources. Furthermore, the defendant is a flight risk. During the course of the investigation, the defendant repeatedly used countersurveillance techniques including dangerous driving which he utilized to evade law enforcement. He will be a continuing danger to the community and witnesses, and a flight risk as well, if he is not detained in this matter. *See* 18 U.S.C. § 3142(g)(4).

**Conclusion**

7. The government submits that when considering all of the factors outlined in Title 18, United States Code, § 3142(g), the factors weigh in favor of detention. There is clear and convincing evidence that no condition or combination of conditions that will reasonably assure the safety of any other person and the community.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

*/s/ Paul Rebar*
PAUL REBAR, #69289MO
Special Assistant United States Attorney

---

[1] Facts taken from the opinion issued by the 8th Circuit Court of Appeals in *United States v. Antonio Harris*, 10-2561 (8th Cir. July 14, 2010)